**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CLARIUM CAPITAL MANAGEMENT LLC, et al.,

          Plaintiffs,

  v.

AMIT CHOUDHURY, et al.,

          Defendants.

No. C 08-5157SBA
Related Case No. 06-5255

**ORDER**

[Docket Nos. 10, 13]

    This matter is before the Court on Defendant's Motion to Stay Action Pending Arbitration [Docket No. 10] and Defendant's Motion to Enlarge Time to Respond to Amended Complaint [Docket No. 13].

    Having read and considered the arguments presented by the parties in the papers submitted to the Court, the Court finds this matter appropriate for resolution without a hearing. The Court hereby GRANTS the Defendant's motion and STAYS all further proceedings in this action until the earlier of (1) completion of the arbitration involving the same parties and claims currently pending before the International Division of the American Arbitration Association (ICDR Case No. 50 181 T 00495 08); or (2) 20 days after any ruling by the arbitrators in such arbitration that the parties' claims therein are not arbitrable. The Court also GRANTS defendant's motion to enlarge time to respond to the Amended Complaint until 20 days after the termination of the stay or 20 days after the determination that the claims against Choudhury are not arbitrable.

**BACKGROUND**

**I.    Related Case**, **06-5255.**

    On January 22, 2009, the Court related the instant case to *Amisil Holdings Ltd v. Clarium Capital Management LLC et al*, 06-05255-SBA. The defendant in the instant case, Amit Choudhury ("Choudhury"), is the agent and representative of Amisil Holdings ("Amisil"). One of the plaintiffs in the instant case, Peter Thiel, is an individual defendant in the related case. Amisil brings ten

**United States District Court**
For the Northern District of California

1  causes of action against the corporate and individual defendants under federal securities laws and

2  California state statutory law and common law.

3      In brief, the 2006 complaint alleges that Peter Thiel is the majority (98.66%) investor in

4  Clarium Capital Management LLC ("Clarium").  Amisil Holdings is allegedly a minority investor.

5  Clarium is alleged to have failed to make distributions to Amisil, issue tax returns or disclose any of

6  its operations between 2002 to 2005, whereas Thiel received a $31 million distribution for 2005.  In

7  2006, Amisil discovered that Clarium was worth approximately $1.5 billion dollars and requested an

8  inspection of the books and records.  The records were allegedly never provided.  Instead, Thiel tried

9  to buy Amisil out of its minority stake in the hedge fund, and when that did not happen, he allegedly

10 tried to oust Amisil and acquire its interest.

11     The claims in the 2006 action are: (1) SEC §10(b) violation; (2) Investment Advisers Act

12 violation; (3) fraud; (4) conversion; (5) breach of a fiduciary duty; (6) conspiracy to defraud and to

13 breach fiduciary duty; (7) breach of contract; (8) breach of  implied covenant of good faith and fair

14 dealing; (9) unfair business practices; (10) accounting and constructive trust; (11) injunctive relief.

15 [06-5255, Docket No. 12, Mag. J. Chen's Report and Recommendation].

16     On September 20, 2007, on the recommendation of Magistrate Judge Chen, this Court

17 granted the defendants' motion to compel arbitration and stayed the action pending arbitration.

18 Amisil and Clarium were both signatories to the arbitration clause contained in the Operating

19 Agreement ("Agreement"). The Agreement is about the running of Clarium as a company and

20 addresses, among other things, the relationship between members.

21     The arbitration clause, ¶10.17(a)  states:

22         Except as otherwise specifically provided in this Agreement, the Members
           shall make a reasonable attempt to resolve any controversy or claim arising
23         out of or relating to this Agreement through non-binding mediation. Any such
           controversy or claim not resolved after such reasonable attempt shall be
24         resolved through arbitration conducted in accordance with the rules of the
           American Arbitration Association and judgment upon an award arising in
25         connection therewith may be entered in any court of competent jurisdiction.

26     Amisil argued that it should not be compelled to arbitrate claims against the individual

27 defendants – non-signatories to the Agreement – because they did not contract to arbitrate.  This

28 Court rejected the argument because, in some circumstances, such as agency or estoppel, non-

**United States District Court**
For the Northern District of California

1   signatories to an arbitration agreement may compel a signatory to arbitrate claims.

2        This Court found that the general principles established in *Letizia* and *Britton* had been met –

3   that agents of a signatory can compel the other signatory to arbitrate so long as (1) the wrongful acts

4   of the agents for which they are sued relate to their behavior as agents or in the capacities as agents

5   (*Letizia*) and (2) the claims against the agents arise out of or relate to the contract containing the

6   arbitration clause (*Britton*).  This Court found that the individual defendants were being sued

7   precisely because of their duties to Amisil as officers and managers of Clarium, and that the claims

8   asserted against the individual defendants all arose out of or related to the Agreement. [Id. at 13-15].

9   Further, the claims clearly come within the scope of the broadly worded arbitration clause.  This

10  Court noted that a broad arbitration clause "does not limit arbitration to the literal interpretation or

11  performance of the contract" but rather "embraces every dispute between parties having a significant

12  relationship to the contract regardless of the label attached to the dispute." (citing  *JJ Ryan & Sons v.*

13  *Rhone Poulenc Textile*, 863 F.3d 315, 321 (4th Cir. 1998).

14       On September 24, 2007, Amisil filed its Demand for Arbitration, reasserting the claims it

15  asserts in the 2006 action, under the caption *Amisil Holdings Ltd. v. Clarium Capital*

16  *Management LLC, et al.*, ICDR[1] No. 50 181 T 00365 07 (the "Arbitration"). Clarium filed

17  counterclaims and joined Mr. Choudhury on four of them.  Amisil and Choudhury filed motions to

18  dismiss the counterclaims.  In particular, Choudhury argued in the motion that the arbitration panel

19  had no jurisdiction to arbitrate the claims against him because he was not party to the arbitration

20  agreement, nor did he have a relationship with Clarium.

21       On January 18, 2008, Clarium, "in the interests of efficiency," withdrew the counterclaims

22  against Choudhury "without prejudice to reasserting them if and to the extent that discovery or

23  circumstances demonstrate that Mr. Choudhury is a necessary party to this proceeding."  The claims

24  against Choudhury were dismissed without prejudice.

25       On February 27, 2008, the arbitration panel ("Panel") dismissed, with prejudice, four of the

26  six Counterclaims against Amisil for failure to state a claim. Two of those counterclaims – for fraud

27

28       [1] The ICDR is the International Center for Dispute Resolution, the international arm of the American Arbitration Association.

3

1  and negligent misrepresentation – had originally been asserted against Choudhury as well. Those

2  particular  claims are now asserted against Choudhury in the instant litigation.

3         The final arbitration hearing is scheduled for March 2, 2009.

4  **II.      Background in the Instant Case.**

5         This case was filed in state court and removed on November 12, 2008. The Amended

6  Complaint in this action asserts five claims against Choudhury for: (1) defamation; (2) tortious

7  interference with business advantage; (3) fraud; (4) negligent misrepresentation; and (5) violation of

8  California Business & Professions Code § 17200.

9         Briefly, Clarium and Thiel allege that Choudhury, acting as the Senior Vice President of

10  Amisil, attempted to extort money from Clarium and subsequently made false and defamatory public

11  statements about Clarium and Thiel.  The alleged extortion pertains to whether Amisil in fact

12  retained a minority interest in Clarium, as alleged in the related case brought by Amisil.  Clarium

13  claims that, contrary to Choudhury's public false statements, Amisil had actually redeemed its

14  investment in 1999 ($297,000 in the hedge fund) after less than a year of making the investment, and

15  that his potential interest in Clarium simultaneously ceased vesting.  Amisil then had no direct

16  contact with Clarium until 2006, in spite of alleged attempts at contact by Clarium.

17         It is alleged that only after Choudhury learned in 2006 of Clarium's billion dollar assets

18  (following the sale of PayPal to eBay) did he try to claim a piece of the business, and that he dis so

19  because he was facing severe financial pressure. [Docket No. 1, Amended Complaint].

20         The Section 17200 claim was asserted against Choudhury in the Arbitration and dismissed as

21  not arbitrable under the substantive law of the arbitration: Delaware law.  The fraud and negligent

22  misrepresentation were dismissed (against Amisil) in the Arbitration.  The claims that were

23  voluntarily withdrawn against Choudhury have not been reasserted in arbitration, but brought in

24  federal court in the instant action.

25         Defendant argues that the action should be stayed because the claims in this action have been

26  submitted to arbitration (on November 26 2008) and because, pursuant to the applicable arbitration

27  agreement, it is for the arbitrator to decide whether the claims are arbitrable or not.  Plaintiffs

28  contend that the issue of arbitrability is for the Court, and that Defendant has waived, through his

4

1   conduct, the right to arbitrate.

2                                **LEGAL STANDARD**

3        The Federal Arbitration Act ("FAA") contains a mandatory stay provision:

4                If any suit or proceeding be brought in any of the courts of the
                 United States upon any issue referable to arbitration under an
5                agreement in writing for such arbitration, the court in which such
                 suit is pending, upon being satisfied that the issue involved in such
6                suit or proceeding is referable to arbitration under such an
                 agreement, *shall* on application of one of the parties stay the trial of
7                the action until such arbitration has been had in accordance with the
                 terms of the agreement, providing the applicant for the stay is not in
8                default in proceeding with such arbitration.
     9 U.S.C. § 3 (emphasis supplied).

9                                  **ANALYSIS**

10        The motion presents two issues.  First, there is the "gatekeeper" question of "who has the

11  primary power to decide arbitrability" – the court or the arbitrator?  Defendant contends only the

12  ICDR may decide, pursuant to ICDR rules, and the Plaintiff contends it is for the Court to decide.

13  The Plaintiff is correct.  However, the Court conducts a limited inquiry as set forth by the Supreme

14  Court in *First Options of Chicago v. Kaplan, et al.*, 514 U.S. 938 (1995) and *Qualcomm Inc. v.

15  Nokia Corp.*, 466 F.3d 1366 (Fed. Cir. 2006).

16        The second issue is whether Choudhury has waived his right to arbitrate by objecting to

17  arbitration in the related case when he filed a motion to dismiss.  Choudhury has not waived his right

18  to arbitrate under the relevant legal authority because his alleged "waiver conduct" was not

19  litigation-related.  It occurred in arbitration proceedings.

20  **I.     Arbitrability**

21         Under Section 3 of the FAA, if a lawsuit is brought in a district court "upon any issue

22  referable to arbitration under an agreement in writing for such arbitration," the court – "**upon being

23  satisfied that the issue involved in such suit or proceeding is referable to arbitration under

24  such an agreement**" – must stay the trial if one of the parties requests it.   9 U.S.C. § 3 (emphasis

25  supplied).  This is the gatekeeper function of the district court.

26        According to the Supreme Court,  the question of "who has the power to decide arbitrability"

27  turns upon what the parties agreed about that matter.  "If . . . the parties did not agree to submit the

28

                                        5

**United States District Court**
For the Northern District of California

1   arbitrability question itself to arbitration, then the court should decide that question just as it would

2   decide any other question that the parties did not submit to arbitration, namely, independently."

3   *First Options*, 514 U.S. at 943.

4       The Federal Circuit Court of Appeals in *Qualcomm* instructs the court on "what inquiry the

5   district court should perform in order to be 'satisfied' under section 3." *Qualcomm Inc.,* 466 F.3d at

6   1371.

7       "[T]he district court should first inquire as to who has the primary power to decide

8   arbitrability under the parties' agreement.  If the court concludes that the parties **did not clearly and**

9   **unmistakably intend** to delegate arbitrability decisions to an arbitrator, the general rule that the

10   'question of arbitrability ... is ... for judicial determination' applies and the court should undertake a

11   full arbitrability inquiry in order to be 'satisfied' that the issue involved is referable to arbitration."

12   *Id*. at 371 (emphasis supplied).

13       "If, however, the court concludes that the parties to the agreement **did clearly and**

14   **unmistakably intend** to delegate the power to decide arbitrability to an arbitrator, then the court

15   should perform a second, more limited inquiry to determine whether the assertion of arbitrability is

16   'wholly groundless'." *Id*. (emphasis supplied).

17       "If the court finds that the assertion of arbitrability is not 'wholly groundless', then it must

18   stay the trial of the action pending a ruling on arbitrability by an arbitrator. If the district court finds

19   that the assertion of arbitrability is 'wholly groundless',  then it may conclude that it is not 'satisfied'

20   under section 3, and deny the moving party's request for a stay." *Id*. at 1372.

21       **A.    Clear and Unmistakable Intent**

22       Defendant argues that the explicit incorporation of the AAA rules in the arbitration

23   agreement evinces a clear and unmistakable agreement that questions of arbitrability would be

24   submitted to arbitration for resolution. [Motion at 7].

25       The arbitration clause states that "[a]ny such controversy or claim not resolved after such

26   reasonable attempt shall be resolved through arbitration conducted **in accordance with the rules of**

27   **the American Arbitration Association** and judgment upon an award arising in connection

28   therewith may be entered in any court of competent jurisdiction."  ¶10.17(a)(emphasis supplied).

**United States District Court**
For the Northern District of California

1      Plaintiff asserts that because Choudhury raised objections to the ICDR's jurisdiction in a

2   motion to dismiss in the Arbitration, and asserted that he was not a signatory to the arbitration

3   agreement or even the Operating Agreement, that he has admitted he could not have had any intent

4   with respect to the language in the arbitration agreement. [Opp'n at 5].

5      When the arbitration agreement explicitly incorporate rules that empower an arbitrator to

6   decide issues of arbitrability, the incorporation serves as clear and unmistakable evidence of the

7   parties' intent to delegate such issues to an arbitrator. *Contec Corp. v. Remote Solution, Co., Ltd.*

8   398 F.3d 205, 208 (2nd Cir. 2005); *Visa USA, Inc. v. Maritz Inc*., 2008 WL 744832 (N.D.Cal.2008);

9   *Anderson v. Pitney Bowes, Inc*., 2005 WL 1048700, *2-4 (N.D.Cal. May 4, 2005); *Terminix Int'l Co.*

10   *v. Palmer Ranch Ltd.*, 432 F.3d 1327, 1332 (11th Cir. 2005).

11      In the instant case, the arbitration clause explicitly incorporates the AAA rules.  *See* above.

12   Article 15, Rule 1 of the International Dispute Resolution Procedures of the AAA states: "[t]he

13   tribunal shall have the power to rule on its own jurisdiction, including any objections with respect to

14   the existence, scope or validity of the arbitration agreement.  [Def.'s Motion, Wanger Ex. L].

15      The incorporation of the AAA rules in the arbitration agreement is "clear and unmistakable"

16   evidence of the parties' intent to delegate the issue of arbitrability to the arbitrator.

17      **B.      Wholly Groundless**

18      If "the court concludes that the parties to the agreement did clearly and unmistakably intend

19   to delegate the power to decide arbitrability to an arbitrator, then the court should perform a second,

20   more limited inquiry to determine whether the assertion of arbitrability is 'wholly groundless'."

21   *Qualcomm*, 466 F.3d  at 1371.

22      There is no merit to the assertion that defendant's assertion is wholly groundless. First, even

23   though neither Thiel nor Choudhury were signatories to the Agreement in their personal capacities,

24   this Court has already ruled that the individual defendants in the related 2006 action were entitled to

25   compel arbitration.  That decision was made after a thorough analysis of whether the arbitration

26   agreement encompasses the claims raised in the litigation.  That is a far more detailed inquiry than is

27   required for this motion to stay.  The arbitration provision of the Operating Agreement has been

28   applied to both of the defendants in this litigation, and the issues in dispute in the instant case have

7

**United States District Court**
For the Northern District of California

1  been previously asserted against Choudhury in arbitration.

2  . If the district court finds that the assertion of arbitrability is "wholly groundless," then it

3  may conclude that it is not "satisfied" under section 3, and deny the moving party's request for a

4  stay." 466 F.3d at 1372.

5  The Court, "being satisfied that the issues involved in this proceeding are referable to

6  arbitration," must now grant a stay of the proceedings under 9 U.S.C. §3.

7  **II.      Waiver of Right to Arbitrate**

8  Clarium and Thiel argue that Choudhury waived his right to arbitrate by his conduct in the

9  Arbitration Proceedings when he filed a motion to dismiss in which he stated that he is not a party to

10  the Amisil/Clarium Operating Agreement or its arbitration clause, that he has no relationship with

11  Clarium and Thiel, and that the ICDR has no jurisdiction to determine the arbitrability of his claims.

12  [Opp'n at 4-6].

13  In addition, the Plaintiff argues that in the Ninth Circuit, prior conduct (*e.g.* refusing to

14  participate in arbitration despite an arbitration clause and then filing a motion to compel arbitration

15  after plaintiff filed a complaint in state court) operates as a waiver. *Brown v. Dillard's Inc*., 430

16  F.3d 1004 (9th Cir. 2005).   Further, the issue of waiver by prior conduct is a "gateway issue"

17  properly determined by courts and not arbitrators. [Opp'n at 7, citing *Howsam v. Dean Witter*

18  *Reynolds, Inc*. 537 U.S. 79, 84  (2002) for the rule that the arbitrator should decide "allegation[s] of

19  waiver, delay, or a like defense to arbitrability."].

20  However, the narrower rule that emerges from courts which have discussed waiver in greater

21  detail is the that  "waiver through litigation conduct is clearly for the Court to decide." *N & D*

22  *Fashions, Inc. v. DHJ Industries, Inc*., 548 F.2d 722, 728 (8th Cir.1976) (holding that courts

23  generally decide whether a party has waived its right to arbitrate by actively participating in a

24  lawsuit or taking other action inconsistent with the right to arbitration).

25  Litigation conduct is not the same as conduct in arbitration. *See Parler v. KFC Corp*.  529

26  F.Supp.2d 1009, 1012 (D.Minn. 2008).  Choudhury's prior conduct of objecting to the motion to

27  dismiss counterclaims took place before the Panel, not the Court.  Clarium elected to withdraw the

28  counterclaims and that is why Choudhury has not arbitrated them, thus Plaintiffs' characterization of

**United States District Court**
For the Northern District of California

1  Choudhury's conduct as "refusing to arbitrate" is misleading.   In addition, defendant cites some

2  authority for the proposition that waiver due to conduct during an arbitration is properly referred to

3  the arbitrator.  *ATSA of California, Inc. v. Continental Ins. Co.,* 702 F.2d 172, 175 (9th Cir.1983)

4  (holding that a dispute about a waiver of arbitration due to refusing to nominate an arbitrator may

5  properly be referred to the arbitrator).

6          For these reasons, whether Choudhury waived his right to arbitration in this case should be

7  determined by the arbitrator and not this Court.

8                                              **CONCLUSION**

9          For the foregoing reasons, IT IS HEREBY ORDERED THAT Defendant's Motion to Stay

10  Pending Arbitratin is GRANTED and this action is STAYED until pending the earlier of (1)

11  completion of the arbitration involving the same parties and claims currently pending before the

12  International Division of the American Arbitration Association (ICDR Case No. 50 181 T 00495

13  08); or (2) 20 days after any ruling by the arbitrators in such arbitration that the parties' claims

14  therein are not arbitrable.

15          IT IS FURTHER ORDERED that Defendant's time to respond to the Amended Complaint is

16  ENLARGED until 20 days after the termination of the stay or 20 days after the determination that

17  the claims against Choudhury are not arbitrable.

18          IT IS SO ORDERED.

19

20  Dated: 2/10/09                              SAUNDRA BROWN ARMSTRONG

21                                              United States District Judge

22

23

24

25

26

27

28

                                                     9